RONNIE McCLAIN
    PLAINTIFF,

V.

CIRCUIT COURT JUDGE,
BEN A. FULLER, IN HIS
OFFICIAL CAPACITY,

AND

MORRIS & McANNIALLY, LLC.
BRIAN L. JUSTISS, IN THEIR
OFFICIAL CAPACITIES,
ATTORNEYS AT LAW,
    DEFENDANTS.

RECEIVED THE MIDDLE DISTRICT OF ALABAMA

JUL 12 2005

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

CIVIL ACTION No: 2:05cv641-F

JURY TRIAL IS DEMANDED

## COMPLAINT

COMES NOW, PLAINTIFF, RONNIE McCLAIN AIS# 133958 PURSUANT TO THE DECLARATORY JUDGMENT ACT, AND INJUNCTIVE RELIEF, FOR DAMAGES OF (1) ONE MILLION DOLLARS IN COMPENSATORY DAMAGES, AND (5) FIVE MILLION DOLLARS, IN EXEMPLARY DAMAGES, AGAINST THE ABOVE NAMED DEFENDANTS FOR THAT ON TO WIT: MARCH 1ST 2005, IN THE CIRCUIT CIVIL COURT OF ELMORE COUNTY, ALABAMA, THE DEFENDANTS WHICH WERE ACTING IN THEIR JUDICIAL CAPACITY AS A CIVIL COURT JUDGE AND A APPOINTED ATTORNEY, AND THE CIVIL CASE OF RONNIE McCLAIN V. CIRCUIT COURT JUDGE STEVE E. HADDOCK AND DISTRICT ATTORNEY CATHERINE HAILBROOKS, CASE NO: CV-04-513. ON TO WIT: MARCH 1ST 2005, JUDGE FULLER APPOINTED ATTORNEY JUSTISS TO FILED A HABEAS PETITION ON BEHALF OF PLAINTIFF. THIS ACTION WERE INTENDED TO, AND DID, DEPRIVE PLAINTIFF OF HIS RIGHTS AND PRIVILEGES OF BEING SECURE TO HIM IN HIS PERSON, OF DUE PROCESS AND EQUAL PROTECTION OF LAW.

1

## Jurisdiction

Jurisdiction is formally invoked under 28 U.S.C.A. Section 1343 (1), (2), (3), and (4), in connection with the latter of the complaint made specific reference to 42 U.S.C.A. Section 1981, Sec. 1983, Sec. 1985, and Sec. 1986, and pursuant to 28 U.S.C. Section 1915, that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submit an affidavit that includes a statement of all assets such fees or give security therefor." The plaintiff in this suit is unable to pay such fees in request this court to allow plaintiff to proceed indigent.

## Issue and Facts

On or about October 21st 2004, Plaintiff McClain filed a declaratory petition, for monetary damages and injunctive relief, against Circuit Court Judge Steve Haddock and Assistant District Attorney Catherine Halbrooks in Circuit Court of Elmore County.

THE HONORABLE BEN FULLER WAS ASSIGNED OVER SAID PETITION SUBSEQUENT TO THE SERVICE ON THE DEFENDANTS HALBROOK FILED AN ANSWER TO THE COMPLAINT. IN A MOTION TO DISMISS ON OR ABOUT JANUARY 10TH 2005.

THE HONORABLE JUDGE FULLER IUSSED AN ORDER FOR A HEARING TO BE HELD ON SAID PETITION ON OR ABOUT MARCH 1ST 2005. HOWEVER JUDGE HADDOCK FAILURE TO ANSWER THE COMPLAINT OR APPEAR AT SAID HEARING.

THE DEFENDANT HALBROOKS APPEARED ON BEHALF OF HERSELF AND THE PLAINTIFF MCCLAIN APPEARED ON HIS BEHALF. AFTER HEARING BOTH SIDES OF THE DEFENDANT AND PLAINTIFF ARGUMENTS THE HONORABLE JUDG FULLER GRANTED THE DEFENDANT HALBROOKS MOTION TO DISMISS. AND ORDERED PLAINTIFF MCCLAIN A HABEAS CORPUS PETITION TO BE FILED. AND APPOINTED ATTORNEY BRIAN JUSTISS TO FILE SAID MOTION.

3

## COUNT ONE

THE HONORABLE JUDGE FULLER AND THE HONORABLE ATTORNEY JUSTISS WOULD BE RESISTED BY MEANS OF THE THIRTEENTH AMENDMENT, WHERE PLAINTIFF MCCLAIN APPLICANT FOR A WRIT OF HABEAS CORPUS COULD NOT BE SUSPENDED. JUDGE FULLER AND ATTORNEY JUSTISS DISCRIMINATED AGAINST PLAINTIFF. BY DEFENDANT'S RECOMMEND THAT PLAINTIFF MCCLAIN WITHDRAW HIS ACTION AGAINST JUDGE HADDOCK AND DISTRICT ATTORNEY HALBROOKS. OR PLAINTIFF WRIT OF HABEAS CORPUS WOULD NOT BE RULE ON.   (SEE), A COPY OF SAID WRIT HERE-TO-ATTACH.

ONE OF EFFECTS OF FOURTEENTH AMENDMENT IS TO GIVE TO CITIZENS OF ANY STATE A RIGHT TO SUE IN ANY COURTS. THE DUE PROCESS LAWS, WITHIN MEANING OF FOURTEENTH AMENDMENT IS SECURED IF LAWS OPERATE ON ALL ALIKE, AND DO NOT SUBJECT INDIVIDUAL TO ARBITRARY EXERCISE OF POWER OF GOVERNMENT. THE CONSTITUTIONAL PRESCRIPTION AGAINST THE INFLICTION OF CRUEL AND UNUSUAL PUNISHMENT STANDS AS A LEGAL BARRIER TO ANY METHOD OF PUNISHMENT WHICH INFLICTS UN-NECESSARY PAIN OR SUFFERING. JUDGE FULLER AND ATTORNEY JUSTISS KNEW OR SHOULD HAVE KNOWN THAT THEY WERE DEPRIVEING PLAINTIFF MCCLAIN OF A STATUTORY RIGHT OR PRIVELEGES THAT WAS SECURED BY ALABAMA CONSTITUTION AND THE UNITED STATES CONSTITUTION OR LAWS THEREOF.

Plaintiff McClain is alleging. That where his writ of Habeas Corpus Petition is clearly alleging that, on page (5) five "Allowing the state to amend its charge after acquittal severely prejudiced the Defendant-Plaintiff because it subjected him to being twice put in jeopardy for the same charged offense. Such amendments are not allowed under Alabama Rule of Criminal Procedure 13.5.

For the above stated reasons, the Petitioner requests that this Court issue a Writ of Habeas Corpus directing the State of Alabama to produce Petitioner for an evidentiary hearing so that this Court may address the jurisdictional allegations contained in this petition."

It, is clear that Plaintiff have been restrained of his liberty and that he has a Constitution right to a speedy investigation into the cause of his detention to secure his release, It, appearance from Judge Fuller order, ordering Attorney Justiss to file Plaintiff McClain a Writ Habeas Corpus that his punishment and conviction is clearly in violation of the Thirteenth Amendment to the Constitution of United States that prohibited slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted.

5

## Count Two

Plaintiff, is alleging, that Defendants has deprived him without due process of law to a full and fair opportunity to litigate his Habeas Corpus Petition that was filed on or about May 11th 2005, in jurisdiction of the Defendant Judge Fuller by the Defendant Attorney Justiss. Even though said writ has been filed May 11th 2005, it has not yet been ruled upon. Clearly in violation of Art. (1) one Section 17, of the Alabama Constitution 1901, that guarantee that the privilege of Habeas Corpus shall not be suspended by the authorities of this state.

The Writ of Habeas Corpus is granted in order to enable a citizen, who is restrained of his liberty, to have a speedy investigation into the cause of his detention and to secure his release. (See) Alabama Code (1975) Section 15-21-1 through 34. The "Suspension" of the writ, which is prohibited by our Constitution, means the denial to the citizen of the right to demand an investigation into the cause of his detention. When this right is accorded him, all that he has a right to demand is that his case be investigated, according to the usual mode of procedure in the Courts of Justice and that justice shall be administered, without sale, denial, or delay.

6

## COUNT THREE

Plaintiff McClain, is alleging that he have been denied due process of law and access into the Elmore Circuit Court by Judge Fuller. And was denied effective assistance of counsel by Attorney Justiss. In that Plaintiff McClain is being held in custody by the Warden of Elmore Correctional Facility in violation of the Alabama Constitution and the United States Constitution or laws thereof. And the tort-feasors conspired to deprive the Plaintiff of equal protection of the law by delaying a speedy investigation into the cause of Plaintiff detention to secure his release.

It is, clear from Plaintiff exhibit of his writ of Habas Corpus that was filed on or about May 11th 2005 the Plaintiff was requesting the Elmore Circuit Court for a speedy investigation in the cause of his detention. However, Judge Fuller denied said request without stating the reason for its decision. In order for action to be taken under color of state law, within meaning of civil rights statuts. There must be a misuse of power posed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of the state law. The failure of Judge Fuller to answer the Plaintiff Habeas Corpus or Attorney Justiss to request an answer of said writ. The Defendants conspired under color of state authority to deprive the Plaintiff McClain of a known statutory right or privilges that was guaranteed by the Fourteenth Amendment to have a speedy investigation into the case of Plaintiff detention and to secure his release.

7

## COUNT FOUR

IN SUMMARY, THE PLAINTIFF MCCLAIN SUBMITS THAT THE ELMORE CIRCUIT COURT FAILED TO MAKE ANY INVESTIGATION AND DETERMINATION AS TO WHETHER OR NOT THERE WERE REASONABLE GROUNDS TO BELIEVE THAT PLAINTIFF WAS IN CUSTODY OF THE WARDEN OF ELMORE AND SAID CUSTODY IS NOT VOID. THAT JUDGE FULLER AND ATTORNEY JUSTISS HAVING KNOWLEDGE THAT JUDGE HADDOCK AND ATTORNEY HAIBROOKS HAD PARTICIPANT IN A CONSPIRACY FOR PURPOSE OF DEPRIVING PLAINTIFF MCCLAIN EQUAL PROTECTION OF THE LAW, OR OF EQUAL PRIVILEGES AND IMMUNITIES UNDER THE LAWS AND SAID DEFENDANTS HAVING POWER TO PREVENT OR TO AID IN PREVENTING COMMISSION OF SUCH CONSPIRACY, NEGLECTS OR REFUSES SO TO DO.

PLAINTIFF CONTEND THAT THE INCIDENTS WHICH GAVE RISE TO THIS CAUSE OF ACTION, WERE PLAINTIFF MCCLAIN WAS INDICTED IN A TWO-COUNT INDICTMENT CHARGING THEFT OF PROPERTY FIRST AND ROBBERY THIRD IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA. BOTH CASE WERE TRIED AT THE SAME TIME. AFTER TRIAL, BUT BEFORE THE CASE WENT TO THE JURY, THE COURT GRANTED PLAINTIFF MOTION FOR JUDGMENT OF ACQUITTAL AS TO THE THEFT OF PROPERT FIRST CHARGE. HOWEVER, EVEN AFTER THIS ACQUITTAL THE COURT STILL ALLOWED A JURY TO CONSIDER THE COUNT THAT THE COURT JUST ACQUITTED PLAINTIFF ON. BY JUDGE FULLER ON OR ABOUT MARCH 1st 2005, DISMISSING PLAINTIFF MCCLAIN DECLARATORY JUDGMENT MOTION FOR MONETARY DAMAGES AND JUCTIVE RELIEF, AGAINST CIRCUIT COURT JUDGE HADDOCK AND ATTORNEY HAIBROOKS THAT SAID MOTION WAS ERRONEOUSLY DISMISS.

But ordered the Plaintiff McClain a Writ of Habeas Corpus to be filed and appointed Attorney Justiss to file it. Established the standard in stating meaningful review that the reviewing court would review it. The court investigation is mandatory Alabama Code (1975) 15-21-1. And from aught that appears, no investigation was ordered or examination made of the Plaintiff McClain custody prior to McClain habeas petition been filed.

Therefore, Judge Fuller ordering Attorney Justiss to file the Plaintiff McClain a Habeas Corpus create a Constitution protected right. That violated Plaintiff McClain right to procedural and substantive due process, to have a speedy investigation into the cause of his detention to secure his release. Judge Fuller and Attorney Justiss knew of the unconstitution allegedly discriminatory act of Judge Haddock and Attorney Halbrooks whom conspired to deprive Plaintiff of his civil rights. It seems quite clear that Judge Fuller dismissing Plaintiff declaratory judgment motion and ordering a writ of habeas corpus to be file and appointed Attorney Justiss to file said writ. That the defendants knew of the conspiracy against the Plaintiff and they had the power and authority to prevent the violation having proof of actual knowledge of Judge Haddock and District Attorney Halbrooks wrongful conduct.

## RELIEF SOUGHT

WHEREFORE, PREMISSES CONSIDERED, THE PLAINTIFF PRAYS THAT THIS HONORABLE COURT WILL TAKE JURISDICTION OF THIS MATTER AND GRANT PLAINTIFF A PRELIMINAR INJUNCTION AND ENTER ORDER VACATING PLAINTIFF CONVICTION AND SENTENCE. PLAINTIFF MOVES THE COURT FOR AN ORDER GRANTING PLAINTIFF AN EVIDENTIARY HEARING ON THE MERIT OF HIS WRIT OF HABEAS CORPUS. PLAINTIFF ALSO PRAYS THAT THIS COURT GRANT PLAINTIFF A JURY TRIAL ON HIS COMPENSATORY AND EXEMPLARY DAMAGES CLAIMS. AND WOULD GRANT HIM ANY AND ALL OTHER RELIEF TO WHICH PLAINTIFF MAY BE ENTITLED IN THE PREMISE.

RESPECTFULLY SUBMITTED

_(signature)_

RONNIE McCLAIN PRO-SE
AIS 133958/C2-191
P.O. BOX 8
ELMORE AL 36025

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS THE 7th DAY OF JULY 2005.

_(signature)_
NOTARY PUBLIC

2/13/2007
MY COMMISSION EXPIRES: