IN THE CIRCUIT COURT OF ELMORE COUNTY

*Courts Copy*

RONNIE MCCLAIN                    )
                                  )
    Petitioner,                  )        CIVIL ACTION # 2004-
                                  )
    v.                           )
                                  )
STATE OF ALABAMA                  )        MAY 1 1 2005
                                  )
    Respondent.                  )

## PETITION FOR WRIT OF HABEAS CORPUS

Comes now Petitioner, through counsel, and says unto the Court the following:

### Facts

Petitioner was indicted in a two-count indictment charging Theft of Property I and Robbery III in the Circuit Court of Morgan County. Both Petitioner and a co-defendant, Kenneth Cranford, were tried at the same time

After trial, but before the case went to the jury, the Court granted a defense motion for judgment of acquittal as to the Theft of property I charge. However, even after this acquittal the Court still allowed a jury to consider Theft of Property II under the theory that it was a lesser-included offense of Theft of Property I. Petitioner was ultimately convicted on the Theft Property II charge along with the charge of Robbery I. Petitioner's issue of contention in this petition concerns his conviction on Theft of Property II.

Specifically, the state presented evidence at trial that the underlying occurrence that formed the basis of Theft of Property I charge and ultimately the Theft of Property II conviction occurred on June 4, 1999. The State alleged at trial that Petitioner and co-defendant Cranford were in the Food World parking lot in Decatur, Alabama, when the victim, Mrs. June Lyle, had her purse stolen from her buggy. It was alleged that co-defendant Cranford took the purse in question from Mrs. Lyle's buggy and, at some

point, threw it into the car driven by Petitioner McClain. Both, Petitioner and Cranford were arrested a short time after the incident occurred.

Petitioner emphasizes that he was charged with theft from a person while the evidence proved that the purse was stolen out of a shopping cart. A copy of the indictment is attached as Petitioner's Exhibit 1.

At the close of evidence, the state had failed to prove the crime as charged and the Court granted an acquittal as to the Theft of Property I. However, because the indictment read that a credit card was part of the purse's contents, the Court effectively allowed the state to amend its indictment under a theory that theft of a credit card was Theft of Property II, which the Court opined was a lesser included offense of Theft of Property I. The jury was instructed on the theft of a credit card and ultimately convicted Petitioner under Theft of Property II. An excerpt of the Court Record is attached as Petitioner's Exhibit 2.

### Legal Standard

On habeas corpus where the judgment and sentence of a circuit court are returned as the cause for the detention of the petitioner, the only matter that can be inquired into is the jurisdiction of the said circuit court to render the judgment and impose the sentence that was imposed.

Tadlock v. State, 148 So. 2d 655, 659 (Ala. 1963)

### Issue

1. Whether Petitioner can be convicted of a lesser-included offense after being acquitted of the indicted charge?

It is evident from the record that the Court acquitted Petitioner McClain of the Theft of Property I charge at the close of trial. (See Exhibit 2, pgs 455-467). The court record reflects that after all evidence was presented, but before the jury was charged, attorney's for Petitioner and Cranford moved for a judgment of acquittal on the charge of Theft of Property I. They based their motion on an argument that the state failed to prove that the property in question (a purse) was in the immediate physical possession of the victim. The Court agreed and granted the acquittal.

However, after the granting of the acquittal, the State requested that the Court give the jury a charge on Theft of Property II because the indictment alleged the purse contained a credit card. The Court granted this request and instructed the jury on theft of a credit card, reasoning that Theft of Property II is a lesser-included offense of Theft of Property I.

It is evident from the record that the Court was without jurisdiction to convict Petitioner under a lesser included offense.

Specifically, Petitioner contends that once the Court ruled that he was acquitted of Theft of Property I, there was no charge left before the Court and jury. Therefore, the Court, without the presence of the higher charge, was without jurisdiction to entertain a lesser-included charge. By its very definition, a lesser-included offense is dependent on their being a higher offense. If a person is acquitted by the Court of a higher offense before the case goes to the jury, then there is no lesser offense to instruct the jury on unless the Court allows the state to amend its indictment, which is neither permitted by the United States Constitution nor Rule 13.5 of the Alabama Rules of Criminal Procedure.

Furthermore, such a request violates the Double Jeopardy Clause because to allow a theft II charge under these facts would make the charge in question

duplicitous. Theft of a credit card and theft of a purse from the physical possession of another contain different elements.

As the Court has stated:

> the test in determining whether the charges run afoul of the Double Jeopardy Clause is whether each crime contains a statutory element not contained in the other. *Blockburger v. United States*, 284 U.S. 299.

In addition:

> "It is clear [that] under Alabama law a conviction of a lesser included offense is an acquittal of the higher offense," quoting *Ex parte Bayne,* 375 So.2d 1239, 1242 (Ala. 1979). This Court wholly concurs with that part of the opinion holding that a conviction of vehicular homicide bars a retrial of Whirley on a murder indictment, under the principles of double jeopardy. See *Clark v. State,* 294 Ala. 485, 318 So.2d 805 (1974); *Thomas v. State,* 255 Ala. 632, 53 So.2d 340 (1951).

Ex Parte Whirley, 530 So.2d 865, 867 (Ala. 1988).

Therefore, it would be logical that the acquittal of the higher offense, Theft of Property I in this case, would divest the Court of its jurisdiction. Additionally, the principles of double jeopardy would not allow the state to amend the charge to create a new charge.

Moreover, Rule 13.5(a) of the Alabama Rules of Criminal Procedure states that a charge may be amended without the consent of the defendant, at any time before verdict or finding, if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced.

In the instant case, the Court rendered a decision (judgment of acquittal) on a Theft of Property I charge that was based on theft from the physical possession of another and then essentially allowed the state to amend its charge to allow a Theft of Property II based the theft of a credit card.

Allowing the state to amend its charge after acquittal severely prejudiced the Defendant because it subjected him to being twice put in jeopardy for the same charged offense. Such amendments are not allowed under Alabama Rules of Criminal Procedure 13.5.

For the above stated reasons, the Petitioner requests that this Court issue a Writ of Habeas Corpus directing the State of Alabama to produce Petitioner for an evidentiary hearing so that this Court may address the jurisdictional allegations contained in this petition.


Ronnie McClain


Brian L. Justiss
Attorney Petitioner
Morris & McAnnally, LLC
10365 Holtville Road
Deatsville, AL 36022

STATE OF ALABAMA )
)
COUNTY OF ELMORE )

I, **Ronnie McClain**, hereby certify under the penalty of perjury that I have read the above petition for a Writ of Habeas Corpus and that all factual allegations contained therein are true to the best of my knowledge. Furthermore, I acknowledge that I am presently in custody of the Alabama Department of Correctional and I am currently housed in the Elmore County Correctional Facility.

**Ronnie McClain**

SWORN TO AND SUBSCRIBED before me on this _____4th_____ day of May, 2005.

Notary Public
Commission Expires: _April 5, 2008_

CERTIFICATE OF SERVICE

I, Brian L. Justiss, certify that I have served the forgoing document on:

Stacey W. Adams
Assistant District Attorney
Post Office Box 1727
Decatur, Alabama

Done this 11th day of May, 2005.

OF COUNSEL

INDICTMENT    52-DA-01

CIRCUIT COURT

# The State of Alabama
## MORGAN COUNTY

July _____ Term, 1998

The Grand Jury of said County charges that before the finding of this indictment

Ronnie McClain and Kenneth Cranford, whose names are to the Grand Jury otherwise unknown, did knowingly obtain or exert unauthorized control over one (1) purse containing one (1) VISA credit card, from the person of June Lyle, with the intent to deprive the owner, June Lyle, of said property, in violation of Section 13A-8-3 of the Code of Alabama,

### COUNT II

The Grand Jury of said County further charges that before the finding of this indictment, Ronnie McClain, whose name is to the Grand Jury otherwise unknown, did, in the course of committing a theft of one (1) purse, the property of Cynthia Nuss, use force against the person of Cynthia Nuss, with intent to overcome her physical resistance or physical power of resistance, in violation of Section 13A-8-43 of the Code of Alabama,

**EXHIBIT**

tabbies

1

against the peace and dignity of the State of Alabama.

*Bob Burrell*
BOB BURRELL
District Attorney
Eighth Judicial Circuit

Grand Jury No. 9062

No. _____

# The State of Alabama
## MORGAN COUNTY

### CIRCUIT COURT

THE STATE
V.

Ronnie McClain and Kenneth Cranford

No Prosecutor

# INDICTMENT

### State Witnesses:

1 Larry Russell, DPD

2 Michael Pettey, DPD

3 Johnny Coker, DPD

4 Sharon Langford, DPD

5 Laron Porter, DPD

6 William Watson, DPD

7 Karen Wilkerson, DPD

8 Ellie Green, DPD

9 Bill Tapscott, City of Decatur, Sign Shop, Municipal Building, Decatur, AL 35601

A TRUE BILL

_____
Foreman of the Grand Jury

Filed in open Court by the Foreman of the
Grand Jury in the presence of the
other Grand Jurors, this the 15th
day of _July_, 19 98.

_John Pat Orr_

Upon the arrest of Defendant let him be
admitted to bail on giving bond in the sum of

_SAME_ DOLLARS,
with security to be approved by the sheriff.

This 9th day of _July_
19 98.

_Sherrie W. Brown_
Judge Presiding

INDICTMENT    52-DA-04

10 Prentice J. Lyle, 902 Clearview Street S.W., Decatur, AL 35601

11 Rozella Chatman, 602 Lafayette Street N.W., Decatur, AL 35601

12 Richard Chandler, 2108 Lancelot Drive S.W., Decatur, AL 35603

13 Cynthia Nuss, Route 1 Box 108W, Addison, AL 35540

14 Curtis Thomas, 3107 Sumac Road S.W., Decatur, AL 35601

15 Janice Wells, 159 DeAnn Road, Trinity, AL 35673

1   breaks before we get the case to you.  And I know

2   y'all will be glad for that.  So go on back to the

3   jury lounge, remain, and we'll try to get you back

4   here just as soon as possible.

5                    ( JURY NOT PRESENT. )

6                    THE COURT:  All right.  Briefly,

7   any motions from the defendants?

8                    MR. ROBERTS:  Yes, sir, Judge.  On

9   behalf of Mr. Cranford and I believe Mr. Jett is

10  going to join in on behalf of Mr. McClain, we renew

11  our motion for judgment of acquittal on the Theft

12  of Property First Degree charge.  We adopt all the

13  previous grounds, plus we'd like to bring the

14  Court's attention that in the 1940 code where they

15  are dealing with larceny when they are talking

16  about as larceny to take something from the person.

17  In the case of <u>Wilder</u> we previously submitted

18  defines what from the person means.  Therefore,

19  that has not changed whatsoever through the years

20  and looking in the commentary of the Alabama Code,

21  they even specifically point out as far as the

22  theft charges, and I'll quote from the commentary,

23  "The criminal code also continues to apply more

24  serious sanctions of theft from the person," which

25  indicates that by this commentary that the new

EXHIBIT

2

1    theft charges is a continuation of previous case

2    law from the person.  And the case that we

3    submitted on Elston v. State, when they are

4    referring to the facts out of Crosby in Georgia,

5    they actually applied the new 18 -- excuse me,

6    13A-8-3 code section when they are deciding whether

7    or not that is in fact theft of property in the

8    first degree.  And they quote, furthermore, it is

9    not in the victim's possession as that element has

10   been interpreted in Alabama, and the element they

11   were referring to is element number two of 13A-8-3.

12   So in 1996 the Court held that still to be the

13   definition of from the person and we renew our

14   motion for acquittal based upon that ground.  The

15   evidence has shown that the purse was in a shopping

16   cart laying beside her and was not in her actual

17   physical control.

18              MR. JETT:    Judge, we would join

19   in on the grounds stated.

20              THE COURT:  All right.  Anything

21   you want to respond with, Mrs. Halbrooks?  Let me

22   just ask you this and I want you to understand that

23   I went and did some research in the library on this

24   issue during the lunch hour.  And I have some grave

25   concerns about my initial ruling.  Do you have any

1  law to the contrary from this _Wilder_ case or the

2  _Elston_ case that you can give me that demonstrates

3  that a person can be convicted for stealing

4  somebody else's property when it's charged stealing

5  from the person but the property is not actually on

6  the person or in the immediate physical possession

7  of the person?

MRS. HALBROOKS:  No, Your Honor.

THE COURT:  All right.  Well, all

10  right.  Well, one of my duties, and I don't take

11  pleasure in this, but it's my duty and I'm

12  satisfied that my initial ruling on this issue was

13  not correct.  The indictment in this case charges

14  these defendants, McClain and Cranford, with taking

15  property from the person of June Lyle.  I'm

16  satisfied that in 1941 the Alabama courts

17  established what that means, and they said at that

18  time that Alabama law will not support a conviction

19  for theft where it's charged theft from the person

20  of another if the proof only shows that the

21  property was in that person's immediate vicinity or

22  presence.  And this -- in the state of Alabama we

23  have got three degrees of theft.  Most of them

24  involve proving the value of the property stolen.

25  There are some other charges that can be brought

1  and in this case the charge was specifically theft
2  from the person of another.  Since the evidence
3  does not show and did not show that the property
4  was either actually attached to the body or in the
5  physical possession or being carried or held, then
6  these defendants can not be convicted by law for
7  Theft of Property in the First Degree.  I'm going
8  to grant the motion for judgment of acquittal as to
9  the charge of Theft in the First Degree because it
10  has not been -- the elements of that offense have
11  not been proven.

MRS. HALBROOKS:  Your Honor, we
12
13  would ask for a charge on second degree theft in
14  that it does allege a credit card and that is
15  second degree theft under the code.

MR. ROBERTS:  Judge, at this time
16
17  our objection to that is that there can be no move
18  for amendment of an indictment after there has been
19  a verdict or a finding, and this Court has found
20  that he is not guilty of the Theft First charge.

THE COURT:  Is that your only
21
22  argument?

MR. ROBERTS:  No, sir.  Also
23
24  there's going to be prejudice and substantial --
25  that it is going to substantially prejudice the

1   rights of this defendant.  He has been, since the

2   very first of this case, has been arguing that it's

3   been Theft Second and we have been agreeable to

4   amend up to that point.  The State made the choice

5   to try him on Theft of Property First Degree.  We

6   have been in front of this Court, I believe, Mary

7   Stuart Rowe argued in front of this Court on the

8   bond reduction, and I filed a motion to quash.

9   This Court at that point ordered that, well, that's

10  a matter of the proof and if they want to proceed

11  forward on the Theft of Property First, then they

12  be prepared to meet a motion for judgment of

13  acquittal.  I contacted Stacy Adams and Paul

14  Matthews.  They said, according to them, the facts

15  show that it's Theft of Property First.  The

16  amendment requires some kind of good faith on their

17  part.  They had these facts in their possession.

18  They are not alleging any facts came out on the

19  stand that were a surprise or something they did

20  not already know, and to allow them to roll the

21  dice to try to sneak it past the Court on Theft

22  First, if not, allow them to go to Theft Second,

23  highly prejudices my defendant at this point.

24            MRS. HALBROOKS:  Your Honor, I

25  don't feel like it prejudices the defendant or

1    client at all.  The indictment alleges theft of a

2    credit card which is Theft in the Second Degree

3    under the code.  And I think he was well aware that

4    those were our allegations.  We have proven that,

5    and I think we are entitled under what we have

6    shown in this case to an instruction to the jury

7    with regards to the Theft in the Second Degree.

8         MR. ROBERTS:  Judge, she should

9    have made that motion prior to your finding of not

10   guilty.  It would be double jeopardy at this point

11   to allow them to come back and amend, but the --

12   would be made a motion to strike that with a credit

13   card in the purse.  That was merely to show the

14   contents of the purse.  You let the pictures in to

15   the jury and then told them that the contents of

16   the purse were not a material matter.  That's

17   number one.  So they -- also you can only charge

18   one crime per count.  Allowing them to do that

19   allowed them to carry Theft First and Theft Second

20   in the same count of the indictment which is not

21   permissible.  That's an improper indictment.  It's

22   much like the situation of a DUI case -- a DUI case

23   where they charge for driving under the influence

24   and then at that point they decide to go to point

25   one zero at the end of the case.  They can't do

1    that.  They can't amend --

2                    MRS. HALBROOKS:      I think the

3    State can --

4                    THE COURT:  Hold on.  Let me get

5    the arguments.  Any other argument from the

6    defense?

7                    MR. JETT:  Judge, we would also

8    agree, this whole defense has been based on the

9    idea that they are going for Theft I and we can

10   beat Theft I.  In fact, Mr. Cranford's attorney in

11   opening statement said it's Theft II.  And that's a

12   trial strategy.  We relied on the fact they are

13   going after Theft I.  If we had known up front they

14   were going for Theft II, we could have changed our

15   defense.  If we had known they were going to push

16   the issue of the credit card, we could have looked

17   into that more.  In fact, and I agree with

18   Mr. Roberts, the Court let that in but specifically

19   told the jury that it was immaterial.  Now you

20   would have to go back and tell them, "When I told

21   you it was immaterial, now it's material and now

22   you can convict him on what I first told you was

23   immaterial."  We just have a lot of problem with

24   that.  It has prejudiced our client so much.  They

25   had the choice.  They could have done it in

1   alternative counts if they wanted to.  They could

2   have said Count I, Theft I, Count II, Theft II of

3   the credit card, Count III, Theft II, the value of

4   what was in the purse.  They could have done that.

5   They elected to go with Theft I and they should

6   have to bear the burden for it.

7          THE COURT:  All right.  The law is

8   crystal clear that when you charge a higher

9   offense, it includes any evidence or proof as to

10  any proper lesser included offense, and even though

11  I may have granted a judgment of acquittal as to

12  the higher offense, that does not preclude the case

13  from proceeding on a lesser included offense, and

14  in this case I'm absolutely satisfied that if the

15  State makes the request that it proceed and that

16  the jury be instructed on Theft in the Second

17  Degree as a lesser included offense, then they are

18  entitled to it, and the case will proceed in that

19  fashion.

20         MR. ROBERTS:  Judge, we don't

21  dispute that if they had made the motion before you

22  made a ruling, but once you find him not guilty --

23         THE COURT:  If doesn't matter,

24  Mr. Roberts.

25         MR. ROBERTS:  -- that's a verdict

463

1    of finding.    Rule 13.5.

2              THE COURT:  It doesn't matter.    It

3    doesn't matter.

4              MR. JETT:  Judge, we would also

5    contend these are separate charges.

6              THE COURT:  Let's not waste time.

7    You are wearing me out.  You are wearing the Court

8    Reporter out.  Don't argue that.  It's a lesser

9    included offense as charged in the indictment.  It

10   would be a lesser included offense.

11             MR. ROBERTS:  At this time then, I

12   would also make a motion for acquittal on Theft of

13   Property Second Degree.  They put evidence in about

14   some credit cards, but the Court told the jury that

15   was not material or relevant and therefore there is

16   no -- and the jury could not consider that evidence

17   when they went back.  Therefore there is no

18   evidence for consideration in front of this jury

19   that a credit card was, in fact, in that purse, is

20   number one.  Number two, although the Theft Second

21   statute says that it is a credit card or debit card

22   regardless of value you have got to prove that it

23   is in fact a credit card or debit card, and that

24   would entail proving that it had not expired, what

25   its expiration date was.  If it had already

1  expired, then it's not even a credit card anymore.

2  It can't even be used as a credit card. They have

3  put on no testimony whatsoever that that that was a

4  valid credit card.

5              THE COURT: You want to address

6  that issue, Mrs. Halbrooks?

7              MRS. HALBROOKS: Your Honor, we

8  asked if she had credit cards. We asked what they

9  were. We attempted to get into value. They

10  objected to that question. They certainly --

11             THE COURT: Well, value of a credit

12  card is not an issue. If you are charging theft of

13  a credit card, you don't have to prove that. You

14  don't have to prove credit limit. You don't have

15  to prove anything. All you have got to prove is

16  theft of a credit card.

17             MRS. HALBROOKS: And Your Honor,

18  our indictment alleged a credit card. They had an

19  opportunity to cross-examine her with regards to

20  that. We offered proof. We had pictures of credit

21  cards inside her wallet. They had every

22  opportunity at that point to ask any questions that

23  they felt like they needed to ask. We feel like,

24  Your Honor, that we have shown the ladies and

25  gentlemen of this jury that she had credit cards in

1  her purse and those things were taken from her at

2  the same time her purse was taken.

3           MR. JETT:  Judge, we were defending

4  Theft I.  The credit card in our --

5           MR. ROBERTS:  Judge, as far as me

6  cross-examining her on the cards, it's not my duty

7  to put that in evidence about whether or not the

8  cards are valid.  That's her responsibility.

9           THE COURT: I understand.

10          MR. ROBERTS:  She is talking about

11  a bunch of credit cards.  There was only one card

12  alleged in the indictment and if the Court recalls,

13  she said, "Those are my credit cards.  Those are my

14  wallet."  She never said, "Those are the credit

15  cards that were in my purse when it was taken by

16  Kenneth Cranford on June the 4th, 1998.

17          THE COURT:  Well, that's a jury

18  issue.  That's for the jury to determine when all

19  the evidence has been presented.

20          MR. JETT:  Judge, may I add one

21  thing just to assist of the law?

22          THE COURT:  Sure.

23          MR. JETT:  I had done some

24  research recently and by analogy, I'm not going to

25  offer this, this involved a Rape Second Degree,

1   Rape First Degree issue.  And my research indicated
2   that the courts said under certain circumstances
3   lesser included offenses are appropriate, and they
4   use the analogy of whether -- they also gave an
5   example of how it is not appropriate.  A man is
6   charged with Rape in the First Degree, and the
7   State elects to pursue the charge under the -- on
8   the facts that the victim, the female victim was
9   under the age of twelve.  That's Rape First Degree.
10  But it turns out her age is not twelve years old,
11  and the Court said that you could not thereby amend
12  the indictment to say, you know, it was rape --
13  rape by forceable compulsion because you are going
14  under rape age, rape forceable compulsion, the
15  means are totally different.  One cannot fall under
16  the other.  The Court made a distinction that
17  because the facts failed as to age, they couldn't
18  fall under forceable compulsion and vice versa.  I
19  think what they are arguing here is the means is
20  from the person as opposed to an issue of value.
21              THE COURT:  Well, there are three
22  elements to the charge of Theft in the First Degree
23  that was actually charged, one of those being
24  taking property from the person of another.  There
25  are two elements of the charge of Theft in the

1   Second Degree of a credit card.  They didn't prove

2   the third element, which is the taking from the

3   person of another as the law requires that to be

4   proved.  But the other two elements, arguably the

5   jury could reasonably infer have been proven and

6   what we are talking about is not amending the

7   complaint.  We're not changing anything.  It is a

8   lesser included offense of the charge of theft of a

9   credit card from the person of another.  And that's

10  the way I see it.  And if the State in this case

11  for example had come to the point of saying,

12  "Judge, we'd like you to charge the jury on Theft

13  in the Second Degree as a lesser included offense,"

14  I think I would have a duty to do so, even if I had

15  not thrown out or dismissed the Theft I charge.  So

16  --

17              MR. JETT:  Judge, if I may for the

18  record, we would join in all the objections raised

19  by Mr. Cranford's attorney.

20              THE COURT:  All right.  That motion

21  is overruled.  The jury will be instructed on Theft

22  in the Second Degree as a lesser included charge.

23  All right.

24              ( OFF THE RECORD DISCUSSION. )

25              MR. JETT:   It's my understanding

1    at this time Mr. Cranford is going to enter a blind

2    plea to the charge of Theft in the Second Degree.

3    We were originally told by Mr. Cranford, his

4    attorney, that he expected to testify in this case.

5    However, as the case developed and after some

6    adverse rulings from the Court, Mr. Cranford and

7    his attorney decided that he would not testify.  We

8    could not call Mr. Cranford to testify due to his

9    Fifth Amendment rights.  At this point after the

10   case has rested and Mr. Cranford is now wanting to

11   enter a guilty plea, it's my understanding that the

12   Court intends to inform the jury that Mr. Cranford

13   desires to plead guilty.  We would ask that --

14   excuse me -- that we be given the opportunity to

15   reopen the case, put Mr. Cranford on the stand, let

16   him testify as to the truth of what occurred and

17   that Mr. McClain was not involved.  We would also

18   ask the jury be instructed that -- or excuse me --

19   we ask that the jury receive no statement

20   whatsoever concerning the resolution of

21   Mr. Cranford's case unless we are able to have him

22   testify.

                    THE COURT:   Your request or motion

23

24   is overruled.

                    MR. JETT:   Thank you.

25

( PAUSE IN THE RECORD. )

1        MR. JETT:  Can I add one more

2    ground, please?  We're also concerned that if the

3    jury receives this information that it's irrelevant

4    and it's immaterial, it's prejudicial and it does

5    not help them render a decision against Mr. McClain

6    in any way.  And for those reasons we'd ask that no

7    reference of Mr. Cranford's conviction or guilty

8    plea be entered.

9        THE COURT:  Okay.  Your request is

10   denied.

11       MR. JETT:  Thank you.

12       ( JURY NOT PRESENT. )

13       THE COURT:  All right.

14   Mr. Cranford, raise your right hand, please.

15            Do you solemnly swear or affirm

16   that the testimony you give here will be the truth,

17   the whole truth and nothing but the truth, so help

18   you God?

19       THE DEFENDANT:   I do.

20

21       KENNETH CRANFORD,

22   of lawful age, having been previously sworn to tell

23   the truth, took the stand and testified as follows:

24       EXAMINATION

25

**STATE OF ALABAMA**                          )
                                              )
**COUNTY OF ELMORE**                          )


To the Warden of Elmore County Correctional Facility:

        You are commanded to have the body of Ronnie McClain, alleged to be detained

by you, by whatsoever name the said Ronnie McClain is called or charged, with the cause

of such detention, before the Honorable Ben A. Fuller, Circuit Judge of Elmore County,

on _____ at the Elmore County Courthouse, to do and receive

what shall then and there be considered concerning the said Ronnie McClain.



                                    _____
                                    **Ben A. Fuller**
                                    **Circuit Judge**