IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONNIE MCCLAIN, #133958, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-641-F |
| | ) | |
| JUDGE BEN A. FULLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Ronnie MCCLAIN ["MCCLAIN"], a state inmate, challenges actions taken during civil proceedings before the Circuit Court of Elmore County, Alabama. MCCLAIN names Honorable Ben A. Fuller, a Circuit Judge for Elmore County ["Judge Fuller"]; Morris and McAnnally, a local law firm; and Brian L. Justiss, Esq. ["Justiss"], an attorney appointed by Judge Fuller to represent MCCLAIN in a state habeas action, as defendants in this case. The plaintiff seeks monetary damages and issuance of an order vacating the conviction and sentence imposed upon him by the Circuit Court of Morgan County, Alabama.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is

## I.  DISCUSSION

### A.  *The Claims Against Judge Fuller*

MCCLAIN argues that Judge Fuller violated his constitutional rights when he dismissed a state civil action against Judge Steve E. Haddock, the Morgan County circuit judge who presided over plaintiff's criminal case, and Catherine Halbrooks, the assistant district attorney who prosecuted the criminal case. He further complains that Judge Fuller is depriving him of due process and equal protection in a pending state habeas action.

#### 1.  **The Request for Monetary Damages**

It is clear that all of MCCLAIN's allegations against Judge Fuller arise from actions taken by this judge in his judicial capacity during state court proceedings over which he had jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, MCCLAIN's claims for monetary damages against Judge Fuller are "based on an indisputably meritless legal theory" and are therefore due to be dismissed upon application of 28 U.S.C. §

---

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

1915(e)(2)(B)(i) and (iii).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

### 2. The Request for Declaratory and Injunctive Relief

The plaintiff seeks declaratory and injunctive relief for adverse actions taken against him by Judge Fuller in civil proceedings over which he presided and is currently presiding in the Circuit Court of Elmore County.  This court lacks jurisdiction to render the requested judgment in an action filed pursuant to 42 U.S.C. § 1983, because federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional."  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986).

Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.  *Datz*, 51 F.3d at 254 (finding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, dismissal of MCCLAIN's claims for declaratory and

---

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

3

injunctive relief arising from adverse rulings of the Circuit Court of Elmore County is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

### B.   *The Claims Against Counsel*

MCCLAIN has named as defendants the attorney appointed to represent in a state habeas action and a private law firm. These claims provide no basis for relief in this action.

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985 (emphasis in original).

Neither an attorney retained by a litigant nor one appointed by the court to represent a petitioner during state proceedings related to his conviction acts under color of state law.

*See Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."). Since the conduct about which the plaintiff complains was not committed by a person or persons acting under color of state law, MCCLAIN's § 1983 claims against Justiss and Morris & McAnnally are frivolous as they lack an arguable basis in law. *See Neitzke*, 490 U.S. at 327. Such claims are therefore due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### C.  *The Challenges to Plaintiff's Conviction*

Throughout his complaint, MCCLAIN attacks the validity of the conviction entered against him by the Morgan County Circuit Court, and he requests that this court "enter [an] order vacating [this] conviction and sentence." *Plaintiff's Complaint* at 10. Specifically, MCCLAIN argues that the conviction resulted from a conspiracy, subjected him to double jeopardy and violates the Thirteenth Amendment.

The aforementioned claims go to the fundamental legality of MCCLAIN's Morgan County conviction. Consequently, these claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487.

The Court emphasized that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the

procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645.

The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "re-emphasized] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

MCCLAIN challenges the constitutionality of a conviction imposed upon him by the Morgan County Circuit Court. He is presently incarcerated on the sentence imposed for the conviction. A judgment in favor of MCCLAIN would necessarily imply the invalidity of this conviction and sentence. It is clear from the complaint that the conviction about which the plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack is prohibited and subject to summary dismissal by this court pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

## II.    CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against Judge Fuller, Morris & McAnnally and

Justiss be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

2. The plaintiff's challenge to the constitutionality of the conviction imposed upon him by the Morgan County Circuit Court be dismissed without prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

3. This case be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before July 28, 2005 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of July, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE