IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

2005 JUL 28  A 9:46

RONNIE M°CLAIN
      PLAINTIFF,

          V.

JUDGE BEN A. FULLER, ETAL,
      DEFENDANTS.

CIVIL ACTION No# J:05-CV-641-F

MOTION FOR OBJECTION TO
MAGISTRATE JUDGE FINDING
AND RECOMMENDATION

COMES NOW, PLAINTIFF RONNIE M°CLAIN AIS# 133958 PURSUANT TO
28 U.S.C.A. SECTION 636 (B)(1). AND MOVES THIS HONORABLE COURT
FOR RESUBMISSION TO MAGISTRATE JUDGE MCPHERSON TO HOLD AN
EVIDENTIARY HEARING TO DETERMINE BOTH FACTUAL ALLEGATIONS
AND LEGAL CONCLUSIONS. IN PLAINTIFFS COMPLAINT. IN SUPPORT
OF SAID MOTION THE PLAINTIFF WILL STATE THE FOLLOWING
GROUNDS.

A1.    THE MAISTRATE JUDGE RECOMMENDATION AT PAGE 1. THE MAGISTRATE SPECIFICALLY FOUND THAT. [U]PREVIEW OF THE COMPLAINT THE COURT CONCLUDES THAT DISMISSAL OF THIS CASE PRIOR TO SERVICE OF PROCESS IS PROPER UNDER 28 U.S.C. SECTION 1915(E)(2)(B)(I)(II) AND (III).

A2.    THE PLAINTIFF OBJECTS AND CHALLENGE THE MAGISTRATE JUDGE MCPHERSON'S JURISDICTION, TO ENTER AN ORDER DISMISSING THE PLAINTIFF MCCLAIN CIVIL RIGHT ACTION WITHOUT FIRST UPON CONSENT OF ALL PARTIES. PURSUANT TO 28 U.S.C. SECTION 636(C)(2). READS IN PERTINENT PART: IF A MAGISTRATE [MAGISTRATE-JUDGE] IS DESIGNATED TO EXERCISE CIVIL JURISDICTION UNDER PARAGRAPH (1) OF THIS SUBSECTION, THE CLERK OF COURT SHALL, AT THE TIME THE ACTION IS FILED, NOTIFY THE PARTIES OF THE AVAILABILITY OF A MAGISTRATE [MAGISTRATE-JUDGE] TO EXERCISE SUCH JURISDICTION. THE DECISION OF THE PARTIES SHALL BE COMM- TO THE CLERK OF COURT. THERE AFTER.

A3.    THE PLAINTIFF OBJECTS AND CHALLENGE'S THE MAGISTRATE JUDGE MCPHERSON FINDING AND RECOMMENDATION WHETHER THE FINDING AND RECOMMENDATION DENIED THE PLAINTIFF THE RIGHT TO DUE PROCESS BY DEPRIVING HIM OF HIS NOTICE AND AN A EVIDENTIARY HEARING IN WHICH THE PLAINTIFF WAS ENTITLED TO.

B4.   PLAINTIFF OBJECTS AND CHALLENGE MAGISTRATE JUDGE McPHERSON'S FINDING AND RECOMMENDATION AT PAGE # 2 WHERE AS, JUDGE McPHERSON MISCONSTRUED THE PLAINTIFF CLAIMS AGAINST JUDGE FULLER. BY STATEING. McCLAIN ARGUES THAT JUDGE FULLER VIOLATED HIS CONSTITUTIONAL RIGHT WHEN HE DISMISSED A STATE CIVIL ACTION AGAINST JUDGE STEVE E. HANDOCK THE ASSISTANT DISTRICT ATTORNEY WHO PROSECUTED THE CRIMINAL CASE, AND CATHERINE HALBROOKS, THE ASSISTANT DISTRICT ATTORNEY WHO PROSECUTED THE CRIMINAL CASE.

B5.   THE SOLE CONSTITUTIONAL VIOLATION ALLEGED BY THE PLAINTIFF IS THAT CONTAINED IN THE FOURTEENTH AMENDMENTS PROHIBITION AGAINST THE DEPRIVATION OF LIFE, LIBERTY, AND PROPERTY WITHOUT DUE PROCESS OF LAW. THUS, THE PRIMARY ISSUE BEFORE THIS COURT IS WHETHER, JUDGE FULLER AND ATTORNEY JUSTISS VIOLATED PLAINTIFF McCLAIN FOURTEENTH AMENDMENT RIGHTS BY ORDERING A HABEAS CORPUS TO BE FILED AND DEPRIVATIEING PLAINTIFF THE RIGHT TO GAIN ACCESS TO THE COURT TO LITIGATE SAID HABEAS, PLAINTIFF IN HIS COMPLAINT CLEARLY ESTABLISH THAT HE SUFFERED A CONSTITUTIONAL DEPRIVATION AND THAT THE DEPRIVATION RESULTED FROM A PERSON WHOM WAS ACTING UNDER COLOR OF STATE LAW, IN THE PLAINTIFF COMPLAINT AT COUNT ONE. ALLEGED THAT THE DEFENDANTS DEPRIVED HIM OF HIS LIFE, LIBERTY, AND PROPERTY WITHOUT DUE PROCESS OF LAW BY FAILING TO ADEQUATELY PROTECT HIM FROM HIS.

UNCONSTITUTIONAL AND UNAUTHORIZED CONVICTION AND SENTENCE BY ORDERING THE PLAINTIFF A WRIT OF HABEAS CORPUS TO BE FILED AND THEN SUSPENDED SAID WRIT.

C6.    THE PLAINTIFF MCCLAIN OBJECTS AND CHALLENGE THE MAGISTRATE JUDGE MCPHERSON FINDING AND RECOMMENDATION AT PAGE#2 [THE REQUEST FOR MONETARY DAMAGES]. HAD THE MAGISTRATE JUDGE MCPHERSON PROPERLY ADDRESS PLAINTIFF CLAIMS AT COUNT TWO OF THE PLAINTIFF COMPLAINT IN WHICH SAID COUNT ALLEGED. THAT DEFENDANTS HAS DEPRIVE THE PLAINTIFF WITHOUT DUE PROCESS OF LAW, TO A FULL AND FAIR OPPORTUNITY TO LITIGATE HIS HABEAS CORPUS, THAT JUDGE FULLER ORDER TO BE FILED, HOWEVER, JUDGE FULLER AND ATTORNEY JUSTISS. DID INTENTIONALLY SUSPENDED SAID WRIT. THE LAW IS WELL ESTABLISHED THAT A JUDGE WAS NOT IMMUNITY WHEN HE FAILURE TO COMPLY WITH DUE PROCESS REQUIREMENTS. OR BECAUSE HE WAS NOT ACTED WITHIN JURISDICTION. (SEE) STUMP V. SPARKMAN. 435 U.S. 349 (1978). THE PLAINTIFF CONTENDS THAT HIS DUE PROCESS CLAIM UNDER COUNT TWO SHOULD BE RESUBMITTED TO JUDGE MCPHERSON TO SEND A QUESTIONNAIRE OR OR TO CONDUCT AN EVIDENTIARY HEARING ON SAID COUNT.

37.    PLAINTIFF OBJECTS AND CHALLENGE THE MAGISTRATE JUDGE McPHERSON'S FINDING AND RECOMMENDATION AT PAGE # 3 [THE REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF]. IT, IS TRUE FROM THE MAGISTRATE FINDING AND RECOMMENDATION AT PAGE # 3. THAT PLAINTIFF IS SEEKS DECLARATORY AND INJUNCTIVE RELIEF FOR ADVERSE ACTION TAKEN AGAINST HIM BY JUDGE FULLER IN A CIVIL PROCEEDING OVER WHICH HE PRESIDED AND IS CURRENTLY PRESIDING IN THE CIRCUIT COURT OF ELMORE COUNTY, HOWEVER, PLAINTIFF McCLAIN OBJECTS TO THE FINDING AND RECOMMENDATION OF JUDGE McPHERSON THAT THIS COURT LACKS JURISDICTION TO RENDER THE REQUESTED JUDGMENT IN AN ACTION FILED PURSUANT TO 42 U.S.C. SECTION 1983.

THE LAW IS WELL ESTABLISHED ON THIS ISSUE IN THE CASE OF BULE V. CRAIG 505 F 2d 830 (1974). THE COURT HELD ON THIS ISSUE." THE TERM EQUAL RIGHTS IN STATUTE GRANTING DISTRICT COURT JURISDICTION OF ACTION TO REDREE DEPRIVA-TION OF ANY RIGHT SECURED BY ACT OF CONGRESS PROVIDING FOR EQUAL RIGHT OF CITIZENS SHOULD BE CONSTRUED NOT SO MUCH AS A TERM LIMITING THE SCOPE OF THE STATUTE BUT RATHER AS A TERM INTENDED TO SPREAD THE JURISDICTION UN-BRELLA OF THE FEDERAL COURT OVER ANY ACTION AUTHORIZED UNDER STATUTES ENACTE TO GIVE EFFECT TO THE FOURTEENTH AME-NDMENT INCLUDING SPECIFICALLY SECTION 1983.

U.S.C.A. CONST. AMEND. 14, 28 U.S.C.A. SEC. 1343(3), (SEE) CLARK V. STATE OF GA. PARDONS AND PAROLES B.D. 915 F2. d 636 (11TH CIR 1990). THE 11TH CIRCUIT HOLDING, IF RELIEF REQUESTED UNDER SECTION 1983, WOULD UNDERMINE PRISONER'S CONVICTION, DISTRICT COURT MUST TREAT CLAIM AS PETITION FOR WRIT OF HABEAS CORPUS.

PLAINTIFF CLAIM IN HIS COMPLAINT AT COUNT THREE, ALLEGED A EQUAL PROTECTECTION VIOLATE, WHEREAS, JUDGE FULLER DID INTENTIONLLY DELAY OR SUSPENDED PLAINTIFF MᶜCLAIN HABEAS CORPUS THAT WAS FILED IN THE LOWER COURT ON OR ABOUT MAY 11TH 2005. IN VIOLATION OF ART. ONE SEC. 17. THAT GUARANTEE THE PRIVILEGE OF HABEAS CORPUS SHALL NOT BE SUSPENDED BY THE AUTHORITIES OF THIS STATE. THE ISSUE IN COUNT THREE OF PLAINTIFF COMPLAINT CLEARLY ALLEGES AN ARGUABLE LEGAL BASIS. THAT MᶜCLAIN IS BEEN DEPRIVED OF HIS CONSTITUTIONAL RIGHT OF ACCESS TO THE ELMORE CIRCUIT COURT. IN THIS COURT HAVING SUBJECT MATTER JURISDICTION OVER, PLAINTIFF CLAIM UNDER SEC. 1343(3), SECTION 1981, 1983, 1985, AND 1986. ALL WHICH WAS ALLEGED IN PLAINTIFF MᶜCLAIN COMPLAINT.

E8.    PLAINTIFF McCLAIN OBJECTS AND CHALLENGE THE MAGI-STRATE JUDGE McPHERSON FINDING AND RECOMMENDATION AT PAGE #4 [THE CLAIMS AGAINST COUNSEL]. JUDGE McPHERSO FINDING AND RECOMMENDATION AT PAGE #4. STATES AS FOLLOW, McCLAIN HAS NAMED AS DEFENDANTS THE ATTORNEY APPOINTED TO REPRESENT HIM IN A STATE HABEAS ACTION AND A PRIVATE LAW FIRM. THESE CLAIMS PROVIDE NO BASIS FOR RELIEF IN THIS ACTION. JUDGE McPHERSON FINDING AND RECOMMENDATION IS WITHOUT MERIT. (SEE) SLAVIN V. CURRY 574 F2d 1256 (1978). THE UNITED STATES COURT OF APPEALS, FIFTH CIRCUIT. HELD THAT WHILE A PRIVATE INDIVIDUALS MAY NOT BE HELD LIABLE FOR THEIR CONDUT UNDER CIVIL RIGHT STATUTE PROHIBITING DEPRIVATION OF CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW. THEY MAY NEVERTHELESS BE HELD LIABLE UNDER SUCH STATUTE IF THEY CONSPIRED WITH PERSON WHO ACTED UNDER COLOR OF STATE LAW. THE PLAINTIFF McCLAIN COMPLAINT AT COUNT FOUR. CLEARLY ALLEGE A CONSPIRACY. AND THAT JUDGE FULLER AND ATTORNEY JUSTISS HAS KNOWLEDGE OF THIS CONSPIRACY. AND JUDGE HADDOCK AND ATTORNEY HALBROOKS HAD PARTICIPANT IN SAID CONSPIRACY FOR PURPOSE OF DEPRIVING PLAINTIFF McCLAIN OF DUE PROCESS OF LAW.

7

OR EQUAL PROTECTION OF THE LAW. AND SAID DEFENDANTS WAS ACTED UNDER COLOR OF STATE LAW. (SEE) A COPY OF THE EXHIBIT. (HABEAS CORPUS) THAT WAS FORWARD WITH THE PLAINTIFF COMPLAINT. AND JUDGE FULLER AND ATTORNEY JUSTISS DID CONSPIRED WITH JUDGE HADDOCK AND ATTORNEY HALBROOKS. WHEN JUDGE FULLER FAILURE TO ISSUE AN ORDER OR ANSWER THE PLAINTIFF McCLAIN HABEAS CORPUS AND ATTORNEY JUSTISS FAILURE REQUEST AN ORDER OR ANSWER OF SAID WRIT. THEY CONSPIRED UNDER COLOR OF STATE AUTHORITY TO DEPRIVE PLAINTIFF McCLAIN OF A CONSTITUTION RIGHT AND PRIVILGES THAT WAS GUARANTEED BY THE FOURTEENTH AMENDMENT TO HAVE A SPEEDY INVESTIGATION INTO THE CASE OF PLAINTIFF DETENTION AND TO SECURE HIS RELEASE. JUDGE McPHERSON FINDING AND RECOMMENDATION SHOULD BE RESUBMITTE BACK TO HER TO HOLD AN EVIDENTIARY HEARING ON PLAINTIFF McCLAIN COUNT FOUR OF HIS COMPLAINT.

DONE THIS 26 DAY OF JULY, 2005.

RONNIE McCLAIN
AIS# 133958 / B1-132
P.O. BOX 8
ELMORE AL. 36025

8

RonNIE McCLAIN
AIS# 133958/131-132
P.O. Box 8
ELMORE Ala. 36025

2:05CV641

To: CLERK, MIDDLE DISTRICT OF ALABAMA
UNITED STATES DISTRICT COURT
P.O. Box 711
MONTGOMERY, Ala. 36101-0711

