IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RONNIE McCLAIN
    PETITIONER,      *

VS.      *

BEN A. FULLER, JUDGE ET AL;
    RESPONDENTS,      * CASE NO: 205-CV-641-f

### FORMAL NOTICE OF APPEAL
### AND
### MOTION FOR CERTIFICATE OF APPEALABILITY

COMES NOW, PETITIONER, RONNIE McCLAIN PRO SE. PURSUANT TO RULE 4(C) AND 5(A) OF THE FEDERAL RULE OF APPELLANT PROCEDURE AND HEREBY GIVES FORMAL NOTICE OF APPEAL IN THIS CAUSE AND MOTION THIS COURT FOR A CERTIFICATE OF APPEALABILITY AND FOR GOOD AND JUST CAUSE. THE PETITIONER SHOWS THE FOLLOWING;

1. PETITIONER McCLAIN FILED A **28 U.S.C SECTION 2201** PETITION FOR DECLARARTORY JUDGMENT AND INJUNCTIVE RELIEF IN THE MIDDLE DISTRICT OF ALABAMA ON OR ABOUT JULY 5, 2005. THE PETITIONER/PLAINTIFF McCLAIN FRAMED HIS CASE IN TERMS OF FOUR(4) CAUSE OF ACTION. THE FIRST UNDER SECTION **42 u.s.c 1981, THE SECOND UNDER SECTION 1983.** THE THIRD UNDER SECTION **1985** AND THE FOURTH UNDER SECTION **1986.** HOWEVER, ONLY ONE OF THE PETITIONER CLAIMS WAS RULED UPON BY THE DISTRICT COURT.

1.

# A[1]. WHETHER, DISTRICT COURT ABUSED IT'S DECRETION BY NOT ADDRESSING ALL OF PETITONERS CLAIMS..

1. ON JULY 5TH,2005 PETITIONER/PLAINTIFF McCLAIN FILED THE INSTANT ACTION,A FOUR(4)COUNT COMPLAINT NAMES AS DEFENDANT[S]CIRCUIT COURT JUDGE BEN FULLER,FOR ELMORE COUNTY,MORRIS AND McANNALLY,A LOCAL LAW FIRM AND THEIR OFFICIAL CAPACITIES.

2. FOR VIOLATIONS OF 42 U.S.C SECTION 1981 ET SEQ,OF THE UNITED STATES CONSTITUTION AND ALABAMA LAW.IN PETITIONERS COMPLAINT HE ALSO SOUGHT DEC-LARATORY JUDGEMENT AND INJUNCTIVE RELIEF.

3. THE DEFENDANTS CONSPIRED TO VIOLATE AND/OR VIOLATED HIS CONSTITUTIONAL AND CIVIL RIGHTS,AND CONSPIRED TO DEPRIVE THE PETITIONER McCLAIN OF HIS RIGHTS TO A STATE HABEA PETITION THAT CLEARLY DOES STATE A COLORABLE CLAIM FOR PROSPECTIVE EQUITABLE RELIEF.SEE A COPY OF SAID HABEAS PETITION THAT WAS USED AS A EXHIBIT.

# B[2]. WHETHER OR NOT DISTRICT COURT ABUSED IT'S DISCRETION IN APPLYING ABSOLUTELY IMMUNE TO DISMISS McCLAIN COMPLAINT

4. ON OR ABOUT THE 10TH DAY OF JULY 2005,THE HONORABLE MARK E. FULLER OVERRULED THE PETITIONER/PLAINTIFF OBJECTIONS AND ADOPTED THE MAGISTRATE'S JUDGE RECOMMENDATION.

5. IN THE MAGISTRATES JUDGE RECOMMENDATION.IT STAED IN PETINENT PART. McCLAIN ARGUES THAT JUDGE FULLER VIOLATED HIS CONSTITUTIONAL RIGHTS WHEN HE DISMISSED A STATE CIVIL ACTION AGAINTS JUDGE STEVE E.HADDOCK. THE MORGAN COUNTY CIRCUIT JUDGE WHO PRESIDED OVER PLAINTIFF'S CRIMINAL CASE AND THE ASSISTANT DISTRICT ATTORNEY WHO PROSECUTED THE CRIMINAL CASE.HE FURTHER COMPLAINS THE JUDGE FULLER IS DEPRIVING HIM OF DUE PROCESS

AND EQUAL PROTECTION IN PENDING STATE HABEA ACTION.

6. THE MAGISTRATES JUDGE CLEARLY MISCONSTRUED THE PLAINTIFF McCLAIN CLAIM AGAINST JUDGE FULLER, BECAUSE THE PLAINTIFF/PETITIONER APPEALED JUDGE FULLER RULING TO THE ALABAMA SUPREME COURT WHERE JUDGE FULLER DISMISSED HIS CAUSE OF ACTION AGAINST JUDGE STEVE HADDOCK AND ATTORNEY HALBROOKS. THAT IS CURRENTLY PENDING IN THE ALABAMA SUPREME COURT; CASE NO: 1041331. SPECIFICALLY, THE PETITIONER IS SEEKING A DECLARATORY AND INJUNCTIVE RELIEF FOR A PENDING STATE HABEAS ACTION. THAT WAS FILED IN THE CIRCUIT COURT OF ELMORE COUNTY.

7. PETITIONER CLAIMED IN HIS COMPLAINT AT COUNT THREE A 42 U.S.C 1985(3) VIOLATION THAT JUDGE FULLER AND ATTORNEY JUSTISS HAD CONSPIRED WITH JUDGE HADDOCK AND ATTORNEY HALBROOKS TO DEPRIVE PETITIONER OF A STATUTORY RIGHT AND A PRIVILGES THAT WAS GUARANTEED BY THE FOURTEENTH AMENDMENT TO HAVE A SPEEDY INVESTIGATION ON HIS STATE HABEAS ACTION.

8. WHERE JUDGE FULLER DISMISSED THE PETITIONER DECLARATORY JUDGMENT ACTION AGAINST JUDGE FULLER AND ATTORNEY HALBROOKS. WHERE THE PETITIONER McCLAIN CLAIMED THE JUDGE HADDOCK AND ATTORNEY HALBROOKS HAD CONSPIRED TO VIOLATE HIS FIFTH[5] AND FOURTEENTH[14] AMENDMENT RIGHT BY JUDGE HADDOCK ACQUITTED HIM OF HIS CRIMINAL CASE.

9. THIS ACTION TAKEN BY JUDGE FULLER CLEARLY ESTABLISHED THAT JUDGE HADDOCK AND ATTORNEY HALBROOKS, THAT THEIR ACTIONS AND PERFORMANCE WAS IN CLEAR ABSENCE OF ALL JURISDICTION.

10. "McCLAIN'S COMPLAINT ASSUMING ALLEGATION OF CONSPIRACY WAS SUFFICIENTLY SPECIFIC, RELATED FACTS THAT POSSIBLY COULD ENTITLE HIM TO RELIEF" UNDER 42 U.S.C SECTION 1983 aND 1985(3) OR 1986. SECTION 1983 AFFORD EQUITABLE AND MONETARY RELIEF AGAINST ANY PERSON WHO DEPRIVES THE PLAINTIFF OF CONSTITUTIONAL RIGHTS WHILE ACTING UNDER COLOR OF STATE LAW AND SECTION 1985 AFFORDS MONETARY RELIEF AGAINST PERSONS WHO CONSPIRED TO DEPRIVE THE PLAINTIFF OF EQUAL PROTECTION OF THE LAWS.

11. THE DISTRICT COURT HOLDING THAT THE ALLEGATIONS AGAINST JUDGE FULLER ARISE FROM ACTIONS TAKEN BY THIS JUDGE IN HIS JUDICIAL CAPACITY DURING STATE COURT PROCEEDINGS OVER WHICH HE HAD JURISDICTIONS.

THE LAW IS WELL ESTABLISHED THAT A STATE JUDGE IS ABSOLUTELY IMMUNE FROM CIVIL LIABILITY FOR ACTS TAKEN PURSUANT TO JUDICIAL AUTHORITY.

12. THE DISTRICT COURT INTERPRETATION OF ACTIONS TAKEN BY A STATE JUDGE TO CLAIM ABSOLUTE IMMUNITY THIS COURT HAS TO CONSIDER TWO FACTORS[1] FOR ACTIONS TAKEN OUTSIDE OF HIS JUDICIAL CAPACITY, OR [2] FOR ACTIONS THAT ARE JUDICIAL IN NATURE, BUT OCCUR IN THE COMPLETE ABSENCE OF ALL JURISDICTION.

13. THE DISTRICT COURT ABUSED IT'S DISCRETION ON RULING ON THE PETITIONER McCLAIN'S COMPLAINT AGAINST HIS COURT APPOINTED ATTORNEY **BRIAN JUSTISS** AND THE LAW FIRM **MORRIS & McANNALLY**, THAT THE CLAIMS WAS FRIVOLOUS, AS THEY LACKED ARGUABLE BASIS IN LAW.

14. THE PETITIONER CONTENDS THAT A PRIVATE PERSON WHO CONSPIRES WITH STATE OFFICIALS ACTING UNDER COLOR OF STATE LAW MAY BE HELD LIABLE FOR PARTICIPATING IN CONSPIRACY REGARDLESS OF WHETHER STATE OFFICIALS ARE THEMSELVES IMMUNE FROM SUIT **42 U.S.C.A SECTION 1983**.

15. THE HONORABLE MARK E. FULLER ADOPTING THE MAGISTRATE JUDGE RECOMMENDATION CLEARLY WAS AN ABUSE OF DISCRETION.

## ARGUMENT IN SUPPORT OF THE CERTIFICATE OF APPEALABILITY

THE PETITIONER McCLAIN MOVES THIS HONORABLE COURT, PURSUANT TO RULE 22(B) OF THE FEDERAL RULES OF APPELLANT PROCEDURE FOR A CERTIFICATE OF APPEAL-ABILITY TO THE ELEVENTH CIRCUIT COURT OF APPEALS ON THE ISSUES OF

1]. PETITIONER WAS DEPRIVED OF HIS RIGHTS TO DUE PROCESS

2]. WHETHER, DISTRICT COURT ABUSED IT'S DECRETION BY NOT ADDRESSING ALL OF PETITIONERS CLAIMS.

3]. WHETHER OR NOT DISTRICT COURT ABUSED IT'S DISCRETION IN APPLYING ABSOLUTELY IMMUNE TO DISMISS McCLAIN'S COMPLAINT

THE DISTRICT COURT COMMITTED REVERSIBLE ERROR,WHEN IT DENIED McCLAIN AN OPPORTUNITY TO CONSENT TO DISTRICT JUDGE DELEGATION OF AUTHORITY TO A MAGISTRATE JUDGE.THE PETITIONER CONTENDS THAT DISTRICT COURT DEPRIVED HIM OF HIS DUE PROCESS RIGHTS BY FAILURE TO NOTIFY HIM IN ADVANCE THAT A MAGISTRATE JUDGE WAS APPOINTED,ACCORDINGLY,UNDER THE RULE OF FEDERAL RULE CIVIL PROCEDURE 73(A)REQUIRES THAT THE PARTIES"EXECUTE AND FILE A JOINT FORM OF CONSENT OR SEPARATE FORMS OF CONSENT".THE PETITIONER DID TIMELY OBJECT TO THE DEFICIENCY IN THE PROCEDURE OF THE FAILURE OF DISTRICT JUDGE TO OBTAIN CONSENT OF THE PARTIES AND THE PETITIONER DID NOT WAIVED HIS RIGHTS TO HAVE A ARTICLE 3 JUDGE TO REVIEW THE PETITONER COMPLAINT.

## WHETHER,DISTRICT COURT ABUSED IT'S DECRETION BY NOT ADDRESSING ALL OF PETITIONER CLAIMS

THE DISTRICT COURT COMMITTED REVERSIBLE ERROR,WHEN IT DID NOT ADDRESS ALL OF PETITIONERS CLAIMS,IN THE PRESENT CASE McCLAIN FILED A 28 U.S.C. SECTION 2201 PETITION FOR DECLARATORY JUDGMENT AND INJUNCTIIVE RELIEF, McCLAIN FRAMES HIS CASE IN TERMS OF FOUR(4)COUNTS OF ACTION.
THE FIRST UNDER SECTION 42 U.S.C. 1981,THE SECOND UNDER SECTION 1983 AND THE THIRD UNDER SECTION 1985,THE FOURTH UNDER UNDER SECTION 1986.
HOWEVER,THE DISTRICT COURT RULED ONLY ON THE PETITIONERS 1983 CLAIM.
THERE WAS NO FINAL JUDGMENT PURSUANT TO 28 U.S.C.SECTION 1291 DISMISSING CLAIMS AS TO SOME BUT NOT ALL DOES NOT RESULT IN A FINAL JUDGMENT REVIEWABLE IN THE HIGHER COURT ABSENT OF A CERTIFICATION BY THE DISTRICT COURT UNDER FEDERAL RULES OF CIVIL PROCEDURE 54(B)WHEN MORE THEN ONE CLAIMS FOR RELIEF IS PRESENTED IN AN ACTION,WHICH JUDICATES LESS THAN ALL THE CLAIMS SHALL NOT TERMINATE THE ACTION AS TO ANY OF THE CLAIMS,AND ORDER OR OTHER FORM OF DECISION IS SUBJECT TO REVISION AT ANY TIME BEFORE THE ENTRY OF JUDGMENT ADJUDICATING ALL THE CLAIM.SEE:<u>BOWLING MACHINES.INC.VS.FIRST NATIONAL BANK OF BOSTON</u> 283 F 2d 39( ).

5.

## WHETHER OR NOT DISTRICT COURT ABUSED IT'S DISCRETION
## IN APPLYING ABSOLUELY IMMUNE TO DISMISS
## McCLAIN'S COMPLAINT

PETITIONER McCLAIN FILED A 28 U.S.C SECTION 2201 DECLARATORY JUDGMENT ACT ALLEGED THAT A STATE COURT JUDGE AND A STATE ATTORNEY WITH A LOCAL LAW FIRM AND THEIR OFFICIAL CAPACITIES HAVE VIOLATED HIS CONSTITUTIONAL RIGHTS TO PROCEDURAL AND SUBSTANTIVE DUE PROCESS AND PETITIONER McCLAIN ALSO ALLEGED IN HIS COMPLAINT THAT THE DEFENDANTS HAD CONSPIRED UNDER COLOR OF STATE LAW TO DENY McCLAIN OF HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAWS.IN ADDITION,THE DISTRICT COURT ERRED IN DISMISSING McCLAIN'S COMPLAINT AGAINST THE STATE COURT JUDGE ON THE GROUNDS THAT JUDGE FULLER WAS ABSOLUTELY IMMUNE FROM SUIT FOR ACTION TAKEN IN HIS JUDICIAL CAPACITY AS A JUDGE,PETITIONER ARGUES THAT THE DISTRICT COURT ERRED IN DISMISSING HIS CLAIM AGAINST STATE ATTORNEY JUSTISS INVOLVEMENT IN A CONSPIRACY TO DEPRIVE PETITIONER McCLAIN OF HIS CONSTITUTIONAL RIGHTS.

THIS IS AN APPEAL FOR CERTIFICATE OF APPEALABILITY FROM A DISMISSAL OF A COMPLAINT FILED BY PETITIONER McCLAIN IN THE UNITED STATES DISTRICT COURT OF THE MIDDLE DISTRICT OF ALABAMA.

THE COMPLAINT WAS BROUGHT UNDER THE CIVIL RIGHTS ACTS,28 U.S.C SECTION 1343(1)(2)(3)AND(4)AND 42 U.S.C section 1981,1983,1985(3)AND 1986. THE DISTRICT JUDGE ADOPTED THE MAGISTRATE'S JUDGE RECOMMENDATION THAT THE COURT CONCLUDES THAT DISMISSAL OF THE PETITIONER CASE PRIOR TO SERVICE OF PROCESS IS PROPER UNDER 28 U.S.C SECTION 1915(E)(2)(B)(I)(II)AND(III). IN THAT ACTS OF THE PRINCIPAL DEFENDANT WERE PROTECTED BY THE DOCTRINE OF JUDICIAL IMMUNITY.THE PETITIONER/PLAINTIFF COMPLAINT ALLEGED IN PART;IN COUNT FOUR(4)THAT JUDGE FULLER HAVING KNOWLEDGE THAT JUDGE HADDOCK AND ATTORNEY HALBROOKS HAD PARTICIPATED IN A CONSPIRACY FOR PURPOSE OF DEPRIVING PETITIONER McCLAIN EQUAL PROTECTION OF THE LAW OR OF EQUAL PRIVILEGES AND IMMUNITIES UNDER THE LAWS,BY JUDGE HADDOCK ACQUITTAL McCLAIN OF THEFT OF PROPERTY FIRST AND AFTER THE ACQUITTAL JUDGE HADDOCK ALLOWED THE PROSECUTER ATTORNEY HALBROOKS TO REQUEST A LESSER INCLUDED CHARGE. IT WAS THE PLAN AND PURPOSE OF THE CONSPIRACY THAT THE DEFENDANT JUDGE FULLER ORDERED McCLAIN A WRIT OF HABEAS CORPUS TO BE FILED AND APPOINTED

ATTORNEY JUSTISS TO FILE IT, BUT DENIED McCLAIN ACCESS TO THE ELMORE COUNTY CIRCUIT COURT FOR A SPEEDY INVESTIGATION OF SAID HABEAS PETITION.

FURTHERMORE, JUDGE HADDOCK AND ATTORNEY HALBROOKS WHOM ACTS WAS OUTSIDE OF THEIR SCOPE OF A JUDGE AND A PROSECUTING ATTORNEY JURISDICTION AND WITHOUT AUTHORIZATION OF THE LAW AND BY JUDGE FULLER AND ATTORNEY JUSTISS HAVING CONSPIRED WITH JUDGE HADDOCK AND ATTORNEY HALBROOKS CANNOT SHELTER THEMSELF FROM LIABILITY BY PLEA JUDICIAL IMMUNITY.

THE UNITED STATES COURT OF APPEALS FIFTH CIRCUIT IN THE CASE OF **HENIEL VS. GERSTEIN** 608 F 2d 654,57,58 THAT A TRIAL JUDGE IS LIABLE UNDER SECTION 1983, IN IS NOT IMMUNE WHEN HE ACTS IN THE ABSENCE OF ALL JURISDICTION. SEE) **STUMP VS. SPARKMAN** 435 U.S. 349,356-57,98 S.CT.1099,55 L.ED 2d.331. petitioner McCLAIN URGES THAT JUDGE FULLER ACTED IN THE ABSENCE OF ALL JURISDICTION SINCE HE CONSPIRED WITH JUDGE HADDOCK AND ATTORNEY HALBROOKS TO DEPRIVE PETITIONER McCLAIN OF HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAWS UNDER COLOR OF STATE LAW. SEE THE COPY OF PETITIONER McCLAIN'S HABEAS PETITION THAT JUDGE FULLER ORDER. IN THE DISTRICT COURT ABUSED IT'S DISCRETION BY APPLYING ABSOLUTELY IMMUNITY TO DISMISS McCLAIN'S COMPLAINT.

THE PETITIONER CONTENDS THAT DISTRICT COURT INTERPRETATION OF ACTION TAKEN BY A PRIVATE PERSON WHO CONSPIRES WITH STATE COURT JUDGE CLEARLY WAS AN ABUSE OF DISCRETION. THE HOLDING IN THE UNITED STATES COURT OF APPEALS, FIFTH(5)CIRCUIT IN THE CASE OF **SLAVIN VS. CURRY** 574 F 2d 1256(1978). STATES "WHILE PRIVATE INDIVIDUALS MAY NOT BE HELD LIABLE FOR THEIR CONDUCT UNDER CIVIL RIGHT STATUTE PROHIBITING DEPRIVATIONS OF CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW, THEY MAY NEVERTHELESS BE HELD LIABLE UNDER SUCH STATUTE IF THEY CONSPIRED WITH PERSON WHO ACTED UNDER COLOR OF STATE LAW. TO MAINTAIN A CONSPIRACY ACTION UNDER SECTION 1983(3),1985 and 1986 IT IS NECESSARY THAT THERE HAVE BEEN AN ACTUAL DENIAL OF DUE PROCESS OR OF EQUAL PROTECTION BY SOMEONE ACTING UNDER COLOR OF STATE LAW.

THE PETITIONER McCLAIN IN HIS COMPLAINT AT COUNT THREE AND FOUR THAT JUDGE FULLER ORDERED A HABEAS PETITION TO BE FILED AND THEN CONSPIRED WITH ATTORNEY JUSTISS TO PREVENT HIM FROM OBTAINING ACCESS INTO THE ELMORE COUNTY CIRCUIT COURT TO OBTAIN A SPEEDY INVESTIGATION INTO HIS HABEAS PETITION AND THEREBY DENYING HIM DUE PROCESS AND EQUAL PROTECTION OF THE LAWS UNDER COLOR OF STATE LAW.

THE DISTRICT COURT DISMISSING McCLAIN CLAIMS AGAINST ATTORNEY JUSTISS AND MORRIS & MCANNALLY AS FIVOLOUS AS THEY LACK AN ARGUABLE BASIS IN LAW YHIS RULING IS CLEARLY AN ABUSE OF DISCRETION. THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT IN THE CASE OF **KADIVAR VS.STONE** 804 F. 2d 635,37(1986)STATED THAT"DIMISSAL OF A SECTION 1983 COMPLAINT IS NOT PROPER UNLESS IT APPEAR THAT A PLAINTIFF CAN PROVE NO SET OF FACT WHICH WOULD ENTITLE HIM TO RELIEF.THE 11TH CIRCUIT FURTHER STATED IN **KADIVAR VS. STONE** THE A PRIVATE PERSON WHO CONSPIRES WITH STATE OFFICIALS ACTING UNDER COLOR OF LAW MAY BE HELD LIABLE FOR DAMAGES IN A SECTION 1983 ACTION FOR PARTICIPATING IN THE CONSPIRACY REGARDLESS OF WHETHER THE STATE OFFICIALS ARE THEMSELVES IMMUNE FROM SUIT.THE FACTS ALLEGED BY McCLAIN IN SUPPORT OF HIS CLAIM THAT ATTORNEY JUSTISS WAS INVOLVED IN A CONSPIRACY WITH A STATE JUDGE[JUDGE FULLER]TO DEPRIVE McCLAIN OF HISRIGHT TO OBTAIN ACCESS TO THE COURT'S FOR A SPEEDY INVESTIGATION INTO HIS HABEAS PETITION.WERE SUFFICIENTLY SPECIFIC TO MAKE THE COMPLAINT TO HAVE A ARGUABLE BASIS IN LAW.

## CONCLUSION

WHEREFORE,PREMISES CONSIDERED,THE PETITIONER PRAYS THAT THIS COURT WILL ISSUE A CERTIFICATE OF APPEALABILITY TO THE ELEVENTH CIRCUIT COURT OF APPEALS PURSUANT TO RULE 22(B)OF THE FEDERAL RULE OF APPELLATE PROCEDURE, AND ALLOW SAID 11TH CIRCUIT COURT OF APPEALS REVIEW THIS COURT RULING

RESPECTFULLY SUBMITTED

_____
RONNIE McCLAIN

8.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A TRUE AND CORRECT COPY OF THE FOREGOING UPON:

OFFICE OF ATTORNEY GENERAL
ALABAMA STATE HOUSE
11 SOUTH UNION STREET
MONTGOMERY, AL. 36130

BY PLACING THE SAID COPY IN THE U.S MAIL, POSTAGE PRE-PAID AND PROPERLY ADDRESSED ON THIS 29TH DAY OF AUGUST, 2005

RONNIE McCLAIN #133958
P.O BOX 8 B1-132
ELMORE, AL. 36025